CA 06 02

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID MALAGRINO,** | : | **CIVIL ACTION NO:** |
| | : | **(adopting civil action no. 03-483-L)** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **AMERICAN FOAM CORPORATION; et al.** | : | |
| | : | |
| **Defendants.** | : | **December 30, 2005** |

**PRO FORMA COMPLAINT AND**
**NOTICE OF ADOPTION OF**
**FIRST AMENDED MASTER COMPLAINT**
**(STATION NIGHTCLUB FIRE LITIGATION)**

The plaintiff, David Malagrino, hereby files this pro forma complaint and hereby respectfully notifies the Court and the parties that he hereby adopts the First Amended Master Complaint in **Albert L. Gray, Administrator, et al. (Plaintiff) vs. Jeffery Derderian, et al. (Defendants), C.A. No. 04-312L** in its entirety and, in addition, adopts the additional allegations and claims in **Henault, et al. v. American Foam, et al., C.A. No. 03-483L, which are as follows**:

**PARTIES**

**Plaintiff**

1. The plaintiff, David Malagrino, is an individual who at all times relevant hereto, lived in Westerly, Rhode Island. Mr. Malagrino was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club.

**Defendants**

2. The defendant Mark Kendall is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

3. The defendant David Filice is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

4. The defendant Eric Powers is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

5. The defendant Luna Tech, Inc. is upon information and belief a corporation organized under the laws of the state of Alabama with a principal place of business in the City of Owens Cross Rocks, State of Alabama, and manufactured the pyrotechnics used by the band Great White at The Station on February 20, 2003. Luna Tech, Inc., is a subsidiary of the defendant Luna Tech Pyrotechnic, GMBH, an organization formed under the laws of Germany with a principal place of business in Ascheffel, Germany.

6. The defendant Citadel Communications Corporation, d/b/a Q105 and WQGN, is a corporation organized under the laws of the State of Nevada with a principal place of business in Las Vegas, Nevada and owner of the radio station Q105 in New London, Connecticut, that was a sponsor of the Great White concert at The Station on February 20, 2003, and promoted said concert through advertising and the distribution of tickets.

7. The Plaintiffs' Decedents Henault, Miceli and Gerfin and the plaintiff Glenn Johnson, Lisa Johnson, Melanie, Holiday and Nancy Noyes received their tickets for admission to the Great White show from said Q105 radio station and thereafter attended the show at The Station on February 20, 2003.

8. The defendant, Town of West Warwick, is a municipal corporation organized and existing under the laws of the State of Rhode Island. Jurisdiction against the Town of West Warwick is consistent with Rhode Island General Laws 9-31-1 which abrogated the Doctrine of Sovereign Immunity. Jurisdiction against the Town of West Warwick is also consistent with Rhode Island General Laws Sections 9-31-2 and 9-31-3.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint and Paragraphs 1 through 8 of the additional allegations set forth herein.

10. The defendants Jack Russell, Mark Kendall, David Filice, Eric Powers, and/or their agents, servants, or employees, are liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting deaths and injuries of the plaintiff in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Failed to protect the plaintiff and other members of the public from the foreseeable risk of serious injury or death at The Station; and

f) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions.

11. As a direct and proximate result of the defendants Jack Russell, Mark Kendall, David Filice and Eric Powers's negligence, as aforesaid, the plaintiff suffered injuries.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE – VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint, Paragraphs 1 through 11 of the additional allegations set forth herein.

13. Several of defendants Jack Russell, Mark Kendall, David Filice and Eric Powers' actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiff may recover damages in this action for the defendants Jack Russell, Mark Kendall, David Filice and Eric Powers pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**NEGLIGENCE**

14. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint and Paragraphs 1 through 8 of the additional allegations set forth herein.

15. The defendants Luna Tech, Inc., and Luna Tech Pyrotechnic, GMBH, and/or their agents, servants, or employees, owed a legal duty to the Plaintiff and are liable and legally responsible for negligence which was a proximate cause of the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that they:

a) Placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the devices were highly flammable and could not be safely used by bands in night-clubs;

b) Sold said devices to bands and represented that said devices were safe for their intended uses;

c) Failed to provide proper and appropriate warnings to product users;

d) Failed to properly design, manufacture, assemble, test, label, and market the devices;

e) Failed to warn that pyrotechnics could not be safely used in night-clubs or similar spaces where flammable foam insulation or other unsuitable construction material was installed;

f) Said substance was defective and unreasonably dangerous and could not be used without unreasonable risk of injury to the plaintiff;

g) The warnings and instructions which were given were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of said product;

h) The Defendants misrepresented to the plaintiff and the general public that the substance in question was safe for use by the public;

i) The Defendants failed to disclose to the plaintiff and the general public the dangerous propensities of said substance;

j) The Defendants were negligent in that they failed to properly and adequately test said product prior to marketing it in that they designed said product in a defective manner;

k) The Defendants were negligent in that they knew or should have known of the dangerous characteristics of said product, yet continued to manufacture and distribute said product;

l) The Defendants were negligent in that they used improper materials in the construction of said product; and

m) The Defendants knew or should have known of the dangerous characteristics of said product, and yet decided to market and continued to market it.

16. As a direct and proximate result of the defendants Luna Tech, Inc., and Luna-Tech Pyrotechnic GMBH's negligence, as aforesaid, the plaintiff suffered injuries.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**STRICT LIABILITY**

17. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint and Paragraphs 1 through 8 and Paragraphs 14 through 16 of the additional allegations set forth herein.

18. The aforesaid product was not altered or modified in any way by the users or any third party from the condition in which it was manufactured and sold.

19. At all times relevant herein, said substance was expected to and did reach the users without substantial change in condition in which it was sold or manufactured.

20. The defendants, Luna Tech, Inc., and Luna Tech Pyrotechnic, GMBH, are a product seller.

21. The defendants Luna Tech, Inc., and Luna Tech Pyrotechnic, GMBH, and/or their agents, servants, or employees, are strictly liable and legally responsible for the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that they:

a) Placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the devices were highly flammable and could not be safely used by bands in night-clubs;

b) Sold said devices to bands and represented that said devices were safe for their intended uses;

c) Failed to provide proper and appropriate warnings to product users;

d) Failed to properly design, manufacture, assemble, test, label, and market the devices;

e) Failed to warn that pyrotechnics could not be safely used in night-clubs or similar spaces where flammable foam insulation was installed;

f) Said substance was defective and unreasonably dangerous and could not be used without unreasonable risk of injury to the plaintiff;

g) The warnings and instructions which were given were inadequate and failed to provide sufficient notice to the decedent of the dangerous propensities of said product;

h) The Defendants misrepresented to the plaintiff and the general public that the substance in question was safe for use by the public;

i) The Defendants failed to disclose to the plaintiff and the general public the dangerous propensities of said substance;

j) The Defendants were negligent in that they failed to properly and adequately test said product prior to marketing it in that they designed said product in a defective manner;

k) The Defendants were negligent in that they knew or should have known of the dangerous characteristics of said product, yet continued to manufacture and distribute said product;

l) The Defendants were negligent in that they used improper materials in the construction of said product;

m) The Defendants knew or should have known of the dangerous characteristics of said product, and yet decided to market and continued to market it;

n) The Defendants breached an implied warranty of merchantability in that said substance was not of merchantable quality and fit for its intended purpose; and

o) The Defendants breached their express warranties that said product was safe and effective for its intended use.

22. As a direct and proximate result of the failure of the foam product sold and/or distributed by the defendants Luna Tech, Inc., and Luna Tech Pyrotechnic, GMBH, as aforesaid, the plaintiff suffered injuries.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN**

**NEGLIGENCE**

23. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint and Paragraphs 1 through 8 of the additional allegations set forth herein.

24. The defendant, Citadel Communications Corporation d/b/a Q105 and WQGN (hereinafter "Citadel"), a Nevada Corporation was the owner of radio station broadcasts into Rhode Island and Connecticut.

25. Upon information and belief, the defendant WQGN-FM, a subsidiary of the defendant Citadel Communications Corporation, promoted the event and distributed promotional items, negligently contributing to the unlawful overcrowding of the former Station night-club and seeking to profit from such contribution.

26. Upon information and belief, the defendant Citadel Communications Corporation d/b/a Q105 and WQGN dominated, controlled and/or managed the practices, policies and finances of Q105 and WQGN including but not limited to exercising joint control over the management, marketing, promotions, and pricing policies.

27. The defendant Citadel Communications Corporation d/b/a Q105 and WQGN owed a legal duty to patrons of The Station because they engaged in the promotion of the Great White performance at The Station by distributing certain tickets in radio promotions, which promotions were expressly or impliedly approved by Citadel Communications Corporation d/b/a Q105 in negligent disregard for the safety of the anticipated patrons at the performance.

28. The defendant Citadel Communications Corporation d/b/a Q105 endorsed, sponsored, promoted, and/or advertised the Great White concert and stood to profit monetarily these activities and marketing efforts.

29. Upon information and belief, the defendant Citadel Communications Corporation d/b/a Q105 expressly and/or impliedly represented and warranted to the public through its marketing, promotional activities and ticket distribution that the venue selected for the show was reasonably safe and would not subject patrons to an unreasonable risk of serious injury or death.

30. The defendant, Citadel Communications Corporation d/b/a Q105, knew or should have known that, if the venue for the performance did not have adequate fire protection and suppression equipment, that patrons would be subjected to a foreseeable, unreasonable risk of injury or even death.

31. The defendant, Citadel Communications Corporation d/b/a Q105, knew or should have known that members of the public, including the plaintiff, were relying on it to exercise proper care, skill and diligence in the review and selection of a safe venue for concerts for which it sold tickets.

32. The defendant Citadel Communications Corporation d/b/a Q105 was negligent and careless in the manner in which they engaged in the promotion of the aforesaid performance and distribution of tickets, which negligence and carelessness caused the injuries and damages as hereinafter set forth.

33. The defendant, Citadel Communications Corporation d/b/a Q105, through its agents, servants, employees or contractors acting within the course and scope of their employment or agency, owed a legal duty to the plaintiff and is liable and legally responsible for negligence in causing the injuries of the plaintiff in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the nightclub;

c) Failed to obtain or require the necessary permits for the use of pyrotechnics at the nightclub in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the nightclub by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Contributed to dangerous overcrowding by and through their promotional activities;

f) Failed to properly and adequately review, inspect and approve The Station as a safe venue for members of the public;

g) Failed to protect the plaintiff and other members of the public from the foreseeable risk of serious injury or death at The Station;

h) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions;

i) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics; and

j) Attached its name to the event, thereby inducing patrons to attend the event because of the credibility given to the event by use of the name Q105 and/or WQGN.

34. As a direct and proximate result of the defendants Citadel Communications Corporation d/b/a Q105 and WQGN's negligence, as aforesaid, the plaintiff suffered injuries.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**NEGLIGENCE**

35. Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 271 of the First Amended Master Complaint, Paragraphs 411 through 429 of the First Amended Master Complaint and Paragraphs 1 through 8 of the additional allegations set forth herein.

36. The Town of West Warwick and its Fire Inspector, Dennis Larocque, are responsible for the inspection of commercial facilities in the Town of West Warwick and enforcement of the building and fire code laws of the State of Rhode Island.

37. This Honorable Court has jurisdiction over the Town of West Warwick and its agents including the Fire Inspector, Dennis Larocque, by virtue of advertising by the State of Rhode Island in the State of Connecticut, which seeks to induce Connecticut residents to visit the State of Rhode Island, support its tourism industry, and patronize its businesses. Furthermore, Section 45-15-1 of the General Laws of Rhode Island provides that the Town may sue and be sued "in any court and elsewhere." Upon information and belief, jurisdiction is further established by virtue of the Town of West Warwick's contracting and/or employing residents and businesses from the State of Connecticut. Moreover, the Town of West Warwick has sought the aid of residents of

Connecticut in investigating the tragic fire, which is the subject of this Complaint, and may have sought such assistance on occasions in the past.

38. The Town of West Warwick and Fire Inspector, Dennis Larocque, owed a legal duty to the public in general and the patrons of The Station in particular to exercise reasonable care and due diligence by properly inspecting commercial properties in the Town of West Warwick.

39. The Town of West Warwick and Fire Inspector, Dennis Larocque, were negligent and careless in failing to properly inspect the Station and enforce the laws of the State of Rhode Island, which negligence and carelessness proximately caused the injuries and damages as hereinafter set forth.

40. The Town is liable for the negligence of its agents, servants, and employees, and owed a special duty to Plaintiff.

41. The Town of West Warwick and Fire Inspector, Dennis Larocque, through its agents, servants, and employees were negligent and careless in one or more of the following ways, in that they:

a) Failed to enforce the building code and fire safety laws of the State of Rhode Island;

b) Failed to adequately inspect The Station;

c) Failed to conduct regular inspections of The Station;

d) Failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;

e) Failed to properly train personnel in fire safety laws, regulations and standards;

f) Failed to require sprinkler systems or other fire prevention devices at The Station;

g) Failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards;

h) Failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards;

i) Knew or should have known of the use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances;

j) Failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more than seventy-five (75) people, was free from combustible debris; and

k) Failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

42. The Town of West Warwick has refused to provide information requested by the Plaintiff, pursuant to the Freedom of Information Act.

43. The Fire Inspector, Dennis Larocque, is entitled to indemnity by the Town of West Warwick, pursuant to Section 45-15-16 of the Rhode Island General Laws.

44. Pursuant to Section 45-15-5 of the Rhode Island General Laws, the Plaintiff have provided the Town of West Warwick with a valid Notice of Presentment of Claim, and more than forty (40) days have passed since said notice was provided.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE – TITLE 9, CHAPTER 1, SECTION 2**

45. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint, Paragraphs 411 through 429 of the First Amended Master Complaint and Paragraphs 35 through 44 of the additional allegations set forth herein.

46. Several of defendant Dennis LaRocque's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiff may recover damages in this action from the defendant Dennis LaRocque pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL**

**NEGLIGENCE**

47. Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 271 of the First Amended Master Complaint, Paragraphs 434 through 440 of

the First Amended Master Complaint and Paragraphs 1 through 8 of the additional allegations set forth herein.

48. The State of Rhode Island and its Fire Marshal, Irving J. Owens, are responsible for the inspection of commercial facilities in the Town of West Warwick and enforcement of the building and fire code laws of the State of Rhode Island.

49. This Honorable Court has jurisdiction over the State of Rhode Island and its agents including the Fire Inspector, Irving J. Owens, by virtue of advertising by the State of Rhode Island in the State of Connecticut, which seeks to induce Connecticut residents to visit the State of Rhode Island, support its tourism industry, and patronize its businesses. Furthermore, Section 45-15-1 of the General Laws of Rhode Island provides that a town in Rhode Island may sue and be sued "in any court and elsewhere," and Section 9-31-1 provides the State of Rhode Island shall be liable in all actions of tort in the same manner as a private individual, thereby allowing that the State may also be sued in any court and elsewhere if minimum contacts with the forum state have been established. Upon information and belief, jurisdiction is further established by virtue of the State of Rhode Island contracting and/or employing residents and businesses from the State of Connecticut. Moreover, the State of Rhode Island has sought the aid of residents and public officials of Connecticut in investigating the tragic fire, which is the subject of this Complaint, and may have sought such assistance on occasions in the past.

50. Pursuant to Section 23-28.2-4 of the Rhode Island General Laws, the State of Rhode Island and Fire Marshal, Irving J. Owens, owed a legal duty to the public in general and the patrons of The Station in particular to exercise reasonable care and due diligence by properly inspecting or causing proper inspections commercial properties in the Town of West Warwick, and to enforce and perform the duties required by the Fire Safety Code.

51. The State and Fire Marshal were negligent and careless in failing to properly inspect the Station and enforce the laws of the State of Rhode Island, which negligence and carelessness proximately caused the injuries and damages as hereinafter set forth.

52. The State and Fire Marshal are liable for the negligence of its agents, servants, and employees, and owed a special duty to the Plaintiff.

53. The State and Fire Marshal, through their agents, servants, and employees were negligent and careless in one or more of the following ways, in that they:

a) Failed to enforce the building code and fire safety laws of the State of Rhode Island;

b) Failed to adequately inspect The Station;

c) Failed to conduct regular inspections of The Station;

d) Failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;

e) Failed to properly train personnel in fire safety laws, regulations and standards;

f) Failed to require sprinkler systems or other fire prevention devices at The Station;

g) Failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards;

h) Failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards;

i) Knew or should have known of the use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances;

j) Failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more than seventy-five (75) people, was free from combustible debris; and

k) Failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

54. The State has refused to provide information requested by the Plaintiff pursuant to the Freedom of Information Act.

55. The Fire Marshal, Irving J. Owens, is entitled to indemnity by the Town of West Warwick pursuant to Section 23-28.2-17 of the Rhode Island General Laws.

56. Pursuant to Section 45-15-5 of the Rhode Island General Laws, the Plaintiff have provided the Town of West Warwick with a valid Notice of Presentment of Claim, and more than forty (40) days have passed since said notice was provided.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL – TITLE 9, CHAPTER 1, SECTION 2**

57. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 271 of the First Amended Master Complaint, Paragraphs 434 through 440 of the First Amended Master Complaint and Paragraphs 47 through 56 of the additional allegations set forth herein.

58. Several of defendant Irving J. Owens's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiff may recover damages in this action from the defendant Irving J. Owens pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. The Plaintiff repeats and incorporates by reference all prior paragraphs in the First Amended Master Complaint and repeat and incorporate by reference all of the prior additional allegations set forth herein.

60. Prior to the Great White concert that occurred on February 20, 2003, the defendants Jeffrey Derderian, Michael Derderian, and DERCO LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., McLaughlin & Moran, Inc., WHJY-FM, Clear Channel Broadcasting, Inc., WQGN-FM and Citadel Communications Corporation, Motiva Enterprises, LLC and Shell Oil Company and The Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens, entered into an express or implied agreement for the common purpose and design of planning, endorsing, sponsoring, promoting, and/or advertising the concert.

61. The defendants joined and participated in this joint venture for the purpose of pursuing their common business interests and for economic gain.

62. Each of the participating defendants had a right to voice concerns regarding the event and each controlled certain aspects of the planning, endorsement, sponsorship, promotion, and/or advertising relating to the Great White concert, including but not limited to the selection and inspection of the venue, The Station.

63. The defendants, and/or their agents, servants, employees and/or contractors acting within the course and scope of their employment or agency, owed a legal duty to the Plaintiff and are liable and legally responsible for the injuries, damages, and deaths resulting from negligent, careless and/or reckless acts or omissions in planning, endorsing, sponsoring, promoting and/or advertising the Great White concert that occurred on February 20, 2003, in one or more of the following respects:

a) Failed to properly manage, control, supervise and/or inspect The Station night-club prior to and during the Great White concert;

b) Installed or permitted to be installed highly flammable and toxic foam material around the stage of the night-club and failed to ensure that the sound-proofing material was fire resistant, in violation of R.I. Gen. Laws Section 23.28.6-15;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Failed to inspect proper emergency lighting and exit signs that were operable in the event of fire or power outage, in violation of R.I. Gen. Laws Section 23-28.6-13;

f) Failed to adequately inspect The Station for safety hazards, or negligently performed same;

g) Failed to inspect for sprinklers or other fire prevention equipment and apparatus at The Station;

h) Failed to provide adequate exits and failed to inform patrons of The Station of the location of fire exits or require personnel present to do so;

i) Allowed unsafe numbers of persons on the premises during the Great White performance;

j) Allowed The Station to become overcrowded with patrons during performances;

k) Caused or allowed the parking of vehicles in an area around The Station structure so as to impede safe egress in the event of a fire;

l) Caused or allowed uneven floor surfaces in The Station which constituted a tripping hazard;

m) Knew or should have known of the dangerous conditions at The Station and failed to remedy those conditions;

n) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station; and

o) Were otherwise negligent in their selection and/or inspection of the venue for the Great White concert, The Station.

64. As a direct and proximate result of the negligence of the defendants Jeffrey Derderian, Michael Derderian, and DERCO LLC d/b/a The Station, Manic Music

Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., McLaughlin & Moran, Inc., WHJY-FM, Clear Channel Broadcasting, Inc., WQGN-FM and Citadel Communications Corporation, Motiva Enterprises, LLC and Shell Oil Company and The Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens, as aforesaid, the plaintiff suffered injuries.

**PRAYER FOR RELIEF**
**SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO**

As a direct and proximate result of the aforesaid actions, the plaintiff, David Malagrino, attempted to flee the burning building and in the process was trapped by the crush of the crowd near a door when the floor beneath him collapsed, causing him to be knocked to the floor and trampled by the crowd. A fireman dragged him from the burning building. Mr. Malagrino was taken by ambulance to the hospital where he was diagnosed as suffering from second and third degree burns to his left face, left ear and left side of his head, left arm, left and right sides of his back, and right hand and arm, all of which caused him to suffer severe mental and physical pain and distress.

As a further direct and proximate result thereof, the plaintiff David Malagrino, has and will incur expenses for medical treatment including hospitalization, doctors' visits, prescriptions and medicines, all to his financial loss.

As a further direct and proximate result thereof, the plaintiff, David Malagrino, may in the future lose time from his employment, thereby suffering an economic or financial loss.

As a further direct and proximate result thereof, the plaintiff, David Malagrino, has and will continue to suffer emotional anxiety including experiencing flash backs and nightmares with thoughts of the burning building.

As a further result of the negligence, carelessness and statutory violations of the defendant as aforesaid, the plaintiff sustained permanent injuries and scarring, both emotional and physical, the full extent of which are not yet known.

***WHEREFORE,*** the Plaintiff respectfully prays for:

1. Compensatory damages in the amount of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS;
2. Punitive damages including attorneys' fees;
3. Costs; and
4. Such other relief as this Court deems just and equitable.

**JURY DEMAND**

The plaintiff demands a jury trial on all issues triable at law.

Dated this 30th day of December, 2005.

Respectfully submitted,
THE PLAINTIFF

By ______________________
Robert I. Reardon, Jr.
Fed. Bar No. ct05358
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320
(860) 442-0444
(860) 444-6445 (fax)
reardonlaw@aol.com

By ______________________
Lawrence J. Cappuccio
Fed. Bar No. 2731
Cappuccio & Cappuccio
17 Granite Street
P.O. Box 763l
Westerly, RI 02891
(401) 596-4072
(401) 596-5306 (fax)
l.cappuccio@worldnet.att.net

**Attorneys for Plaintiff:**

Robert I. Reardon, Jr.
Fed. Bar No. ct05358
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320
(860) 442-0444

Lawrence J. Cappuccio
Fed. Bar No. 2731
Cappuccio & Cappuccio
17 Granite Street
P.O. Box 763l
Westerly, RI 02891
(401) 596-4072

CA 06 02 L

**Attorneys for Defendant American Foam Corporation:**

Thomas C. Angelone, Esq.
Hodosh Spinella & Angelone, P.C.
One Turks Head Place, Suite 1050
Providence, RI 02903
Phone: 401.274.0200

| Additional Defendants | Attorneys for Defendants |
|---|---|
| Jeffrey Derderian<br>Michael Derderian<br>DERCO, LLC | Anthony F. DeMarco, Esq.<br>Reynolds DeMarco & Boland<br>170 Westminster Street, Suite 200<br>Providence, RI 02903<br>Phone: 401.861.5522 |
| Howard Julian | *pro se* |
| Triton Realty Limited Partnership<br>Triton Realty, Inc.<br>Raymond J. Villanova | James T. Murphy, Esq.<br>Hanson Curran, LLP<br>The Francis Building<br>146 Westminster Street<br>Providence, RI 02903-2202<br>Phone: 401.421.2154 |
| Jack Russell, Mark Kendall, David Filice,<br>Eric Powers, a/k/a Great White<br>Jack Russell Touring, Inc.<br>Paul Woolnough<br>Manic Music Management, Inc.<br>Knight Records, Inc. | Fred A. Kelly, Jr., Esq.<br>Nixon Peabody, LLP<br>One Citizens Plaza, Suite 500<br>Providence, RI 02903<br>Phone: 401.454.1000 |

| Additional Defendants | Attorneys for Defendants |
|---|---|
| Daniel Biechele | Donald J. Maroney, Esq.<br>James H. Reilly, Esq.<br>Kelly, Kelleher, Reilly & Simpson<br>146 Westminster Street, Suite 500<br>Providence, RI 02903<br>Phone: 401.272.1312 |
| Anheuser-Busch, Incorporated<br>Anheuser-Busch Companies, Incorporated | Joseph V. Cavanagh, Esq.<br>Blish & Cavanagh, LLP<br>Commerce Center<br>30 Exchange Terrace<br>Providence, RI 02903<br>Phone: 401.831.8900 |
| Strawberries, Inc. | |
| McLaughlin & Moran | Howard A. Merten, Esq.<br>Partridge Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903<br>Phone: 401.861.8200 |
| WHJY, Inc., and Capstar Radio Operating Company<br>Clear Channel Broadcasting, Inc. | Stephen M. Prignano, Esq.<br>Edwards Angell Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence RI 02903<br>Phone: 401.276.6670 |
| Denis P. Larocque<br>Anthony Bettencourt<br>Malcolm Moore, in his capacity as Finance Director of the Town of West Warwick<br>Town of West Warwick | Marc Desisto, Esq.<br>DeSisto Law<br>211 Angell Street<br>P.O. Box 2563<br>Providence, RI 02906<br>Phone: 401.272.4442 |
| State of Rhode Island<br>Irving J. Owens, Fire Marshal | James R. Lee, Esq.<br>Assistant Attorney General<br>State of Rhode Island<br>Department of Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>Phone: 401.274.4400, ext. 2314 |

| Additional Defendants | Attorneys for Defendants |
|---|---|
| Brian Butler<br>TVL Broadcasting, Inc.<br>STC Broadcasting, Inc. | Richard W. MacAdams, Esq.<br>MacAdams & Wieck Incorporated<br>10 Dyer Street, Suite 400<br>Providence, RI 02903 |
| Barry Warner | Ronald Langlois, Esq.<br>Smith & Brink, P.C.<br>One State Street, Suite 400<br>Providence, RI 02908<br>Phone: 401.351.9970 |
| Luna Tech, Inc.<br>Luna Tech Pyrotechnic, GMBH | Curtis R. Diedrich, Esq.<br>Sloan and Walsh, LLP<br>127 Dorrance Street<br>Providence, RI 02903-2828<br>Phone: 401.454.7700 |
| Citadel Communications Corporation d/b/a WQGN-FM | Matthew F. Medeiros, Esq.<br>Little Medeiros Kinder Bulman & Whitney<br>72 Pine Street<br>Providence, RI 02903<br>Phone: 401.272.8080 |
| Motiva Enterprises, LLC | |
| Shell Oil Company | |
| High Tech Special Effects, Inc. | Mark T. Nugent, Esq.<br>Morrison Mahoney, LLP<br>121 South Main Street, Ste 600<br>Providence, RI 02903<br>Phone: 401.331.4660 |
| American Foam Corporation | Thomas C. Angelone, Esq.<br>Hodosh Spinella & Angelone, P.C.<br>One Turks Head Place, Suite 1050<br>Providence, RI 02903<br>Phone: 401.274.0200 |
| Leggett & Platt Incorporated<br>L&P Financial Services Co. | Thomas W. Lyons, Esq.<br>Strauss, Factor, Laing & Lyons<br>222 Richmond Street, Suite 208<br>Providence, RI 02903<br>Phone: 401.456.0700 |

| **Additional Defendants** | **Attorneys for Defendants** |
|---|---|
| General Foam Corporation<br>GFC Foam, LLC<br>Foamex LP<br>Foamex International Inc.<br>FMXI, Inc.<br>PMC, Inc.<br>PMC, Global, Inc. | James A. Ruggieri, Esq.<br>Higgins, Cavanagh & Cooney, LLP<br>123 Dyer Street<br>Providence, RI 02903<br>Phone: 401.272.3500 |
| JBL Incorporated f/k/a/ James B. Lansing Sound, Incorporated d/b/a JBL Professional | C. Russell Bengtson, Esq.<br>Carroll Kelly & Murphy<br>One Turks Head Place, Suite 400<br>Providence, RI 02903 |
| Essex Insurance Company | Mark Hadden, Esq.<br>Law Offices of Mark C. Hadden<br>68 Kennedy Plaza, Suite 3<br>Providence, RI 02903<br>Phone: 401.274.0909 |
| Multi-State Inspections, Inc.<br>High Caliber Inspections, Inc. | John R. Mahoney, Esq.<br>Asquith & Mahoney, LLP<br>155 South Main Street, 2nd Floor<br>Providence, RI 02903-7115<br>Phone: (401) 331-5353 |
| Underwriters at Lloyd's, London | Mark P. Dolan, Esq.<br>Rice Dolan & Kershaw<br>170 Westminster Street, Suite 900<br>Providence, RI 02903 |
| Gresham & Associates, of RI, Inc. | Stephen E. Boyer, Esq.<br>170 Westminister Street, Suite 200<br>Providence, RI 02903-2196 |
| Trans World Entertainment Corporation | |
| ABC Bus, Inc., d/b/a ABC Bus Leasing, Inc.<br>Superstar Services LLC | T. Dos Urbanski, Esq.<br>Melick Porter & Shea, LLP<br>Two Richmond Square, Suite 104<br>Providence, RI 02906<br>Phone: 401.941.0909 |
| Four Seasons Coach Leasing, Inc. | |

| Additional Defendants | Attorneys for Defendants |
|---|---|
| "John Doe" Defendants | |

## VIII. Related Cases

Docket numbers of related cases:

03-148L; 03-208L; 03-335L; 03-483L; 04-026L; 04-056L; 04-312L; 05-002L; 05-070L