UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID MALAGRINO, et al. | : | |
| | : | |
| vs. | : | C.A. No. 06-002 L |
| | : | |
| AMERICAN FOAM, et al. | : | |

**DEFENDANT STATE OF RHODE ISLAND'S ANSWER TO THIRD AMENDED MASTER COMPLAINT, NOTICE OF ADOPTION THEREOF AND PRO FORMA COMPLAINT ON FILE HEREIN**

Comes now Defendant State of Rhode Island and responds to the Third Amended Master Complaint (TAMC) complaint, all adoptions thereof and any other complaint, if any, on file in an above captioned case as follows:

1. Pursuant to Paragraph 5 of the Consent Order entered on February 2, 2006, this defendant elected to invoke the application of the Court's previous ruling on its Motion to Dismiss as to all claims made by all plaintiffs[1] named in the Third Amended Complaint and all adoptions thereof. This Defendant hereby refers to and incorporates that Notice of Election as part of its response herein.

2. This Defendant makes no response to the unnumbered paragraph of the Third Amended Master Complaint (TAMC) in that said paragraph is an introduction to which no response is necessary and in that said paragraph is addressed in this Defendants' aforementioned Notice of Election. However to the extent that any response is necessary

[1] This election applied to all claims made by all plaintiffs as to Irving J. Owens and to all claims made by all plaintiffs that are subject to the Court's ruling of November 17, 2005 for the State of Rhode Island. Irving J. Owens, therefore, has no obligation to respond to the TAMC or any adoption or extension (i.e., the Henault Amendments) thereof. To the extent he had such an obligation, this Answer applies to him.

to said paragraph and that said paragraph states or implies negligence and/or other conduct giving rise to liability of this defendant or damages against it, said paragraph is denied.

3. This Defendant makes no response to paragraphs 1 through 706, inclusive, of the Third Amended Master Complaint (TAMC) in that said paragraphs are addressed in this Defendants' aforementioned Notice of Election. However to the extent that any response is necessary to any of said paragraph(s) and that said paragraph(s) states or implies negligence and/or other conduct giving rise to liability of this defendant or damages against it, said paragraph(s) is (are) denied.

4. In response to paragraph 707, this Defendant admits that the State of Rhode Island is a body politic but denies the remainder of said paragraph.

5. This Defendant denies the allegations of paragraphs 708, 709, 710, 711 and 712 of the TAMC.

6. This defendant makes no response to the remaining allegations in the TAMC in that they do not apply to it. However to the extent that any response is necessary to any of said paragraph(s) or allegation(s) and that said paragraph(s) or allegation(s) states or implies negligence and/or other conduct giving rise to liability of this defendant or damages against it, said paragraph(s) or allegation(s) is (are) denied.

7. To the extent that any allegation of the TAMC complaint, any adoption thereof or any other complaint on file in an above captioned case has not been previously addressed in this answer, it is denied. Also, if this answer is filed in any case that did or did not adopt the TAMC, all allegations of that case (complaint) not specifically responded to herein or subject to the aforementioned Notice of Election, are denied.

AFFIRMATIVE DEFENSES

1. This Defendant pleads absolute and qualified immunity as a bar to the within complaint, including all forms of statutory, common law and other immunities.

2. To the extent this Defendant is protected by any statutory, common law and/or sovereign immunity, the 11th Amendment to the United States Constitution bars this action.

3. This Defendant is protected by the $100,000 limit in the Tort Claims Act and is immune from any payment of interest, costs or other monetary awards not expressly authorized therein.

4. This Defendant is protected by the doctrine of Discretionary Immunity.

5. This Defendant is protected by the Public Duty Doctrine.

6. This Defendant is protected by Legislative Immunity.

7. The damages complained of herein were caused by independent intervening acts or omissions of others over whom this Defendant has no control or responsibility

8. This Defendant is entitled to an offset for all sums paid by others up to its maximum liability of $100,000.

9. This defendant is protected by the doctrine of Qualified Immunity.

10. This defendant is protected by the doctrine of Quasi-Judicial Immunity.

11. This Defendant asserts that these plaintiffs have failed to allege a legal duty to them or a casual connection between their alleged injuries and the acts or omissions of this Defendant.

12. The claim(s) alleged herein are barred by R.I. Gen. Laws § 9-1-25.

13. Only payment out of unappropriated State funds per the Rhode Island Tort Claims Act, R.I. Gen. Laws § 9-31-5, may satisfy a recovery, if any, in this action and this Defendant is immune from recovery from any other source.

14. This Defendant pleads immunity and relief from liability including, but not limited to those provided by R.I. Gen. Laws § 23-28.2-17.

15. The complaint fails to state a cause of action.

16. Denis Larocque is not an agent of this Defendant.

Wherefore, Defendant prays that the complaint be dismissed.

Defendant demands trial by jury.

Respectfully submitted,

DEFENDANT STATE OF RHODE ISLAND

By Its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

James R. Lee (#4305)
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
TEL: (401) 274-4400, Ext. 2314
FAX: (401) 222-2995

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 17th day of March, 2006, a copy of the within was e-mailed to the certification list.

Carol Collins

angelonelaw@aol.com
Bkeller@debevoise.com
Brian@briancunha.com
cfallon@cozen.com
credihan@KPRLaw.com
dmaroney@kkrs.com
ehinchey@sloanewalsh.com
fogerty@halloran-sage.com
Georgia.Sullivan@thehartford.com
Hmerton.station@psh.com
mpotenza@debevoise.com
johnmahoney@amlawllp.com
jrestivo@reedsmith.com
stationfire@hansoncurran.com
mcahill@choate.com
mfm@lmkbw.com
mikesp@rrsplaw.com
mnugent@morrisonmahoney.com
msmandell@msn.com
pvsullivan@morrisonmahoney.com
Reardonlaw@aol.com
ricedolank@aol.com
rmacadams@mandwlaw.com
sbreggia@bbglaw.us
fonia@msn.com
SMinicucci@calvinolaw.com
sprignano@edwardsangell.com
swettle@fbtlaw.com
tlyons@straussfactor.com
jdean@wistbar.com
StationFireLitigation@nixonpeabody.com
mostrowski@goodwin.com
stationfire@esquirecom.com
atrevelise@reedsmith.com
jim@b-plaw.com
CBabcock@jw.com
KBH@olenn-penza.com
Stationfire@smithbrink.com
ecrane@skadden.com
emcpherson@m-klaw.com
StationLitigation@melicklaw.com
Gwolf@shb.com
inmantourgeelaw@aol.com
sodonoghue@hcc-law.com
jreilly@kkrs.com
jruggieri@hcc-law.com
stationfire@blishcavlaw.com
Dlamontagne@zizikpowers.com
mhadden@mhaddenlaw.com
stationfire@desistolaw.com
MRD@gsm-law.com
pjones@cmj-law.com
rbengtson@ckmlaw.com
Resminilaw@yahoo.com
bramley@hbhlaw.net
rmonaco.c-l@snet.net
emancuso@hwac.com
smacgillivray@edwardsangell.com
sohohomes@yahoo.com
stucker@ths-law.com
tdemarco@conversent.net
tmcgough@reedsmith.com
rnorton@sloanewalsh.com
aminchillo@itwlaw.com
Stephen.Izzi@hklaw.com