**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DAVID MALAGRINO :
:
VS. : C.A. NO. 2006-002 L
:
AMERICAN FOAM CORPORATION, ET AL :

***ANSWER OF DEFENDANT DANIEL BIECHELE TO PLAINTIFF'S THIRD AMENDED MASTER COMPLAINT***

**Preliminary Statement**

Defendant Daniel Biechele was charged with a 200-count indictment in the case of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653 involving The Station Nightclub Fire. Mr. Biechele is still subject to other criminal charges some of which are included within the scope of the allegations of Plaintiffs' Third Amended Master Complaint. Accordingly, based upon the potential for further prosecution, Mr. Biechele has no alternative but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution as well as Article I, Section 13 of the Rhode Island State Constitution. Mr. Biechele does not intend to waive his Fifth Amendment privilege and respectfully requests in the case of any doubt or ambiguity, his response be construed as an assertion of the privilege rather than a waiver of the privilege. Mr. Biechele reserves his right to amend his Answer when he may do so without compromising his Fifth Amendment.

**ANSWER**

The Plaintiffs have adopted the Third Amended Master Complaint in Albert L. Gray, Administrator, Et Al vs. Jeffrey Derderian, Et Al, C. A. No. 04-312 L in its entirety by Notice of Adoption of Third Amended Master Complaint dated February 17, 2006. This Defendant hereby incorporates his Answer to the Gray Plaintiffs' Third Amended Master Complaint in its entirety as

SCANNED

his Answer hereto including the invocation of his Fifth Amendment privilege.

Plaintiff Malagrino has also adopted the Gray Plaintiffs' Second Amended Master Complaint[1] as well as the additional allegations and claims set forth in Plaintiff Long's Pro Forma Complaint and Notice of Adoption of First Amended Master Complaint dated December 30, 2005 and filed with this Court on January 5, 2006 which are answered as follows:

**PARTIES**

**Plaintiffs**

1. (241) through 8. (248) Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 1 (241) through 8 (248) of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

**Defendants**

9. through 11. The allegations in Paragraphs 9 through 11 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 9 through 11 of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

12. The allegations in Paragraph 12 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations as it relates to Luna Tech, Inc.'s corporate structure, state of incorporation or principal place of business. Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution

---

[1] Defendant Daniel Biechele did not file an Answer to the Gray Plaintiffs' Second Amended Master Complaint as no response was required under the Consent Order Pertaining to Additional Amendments to Master Complaint, entered by this Court on February 6, 2006.

and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the remaining allegations contained in Paragraph 12 of Plaintiffs' Third Amended Master Complaint.

13. The allegations in Paragraph 13 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 13 of Plaintiffs' Third Amended Master Complaint as it relates to Citadel Communications' corporate structure, principal place of business and ownership and leaves Plaintiffs to their proof thereof. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the remaining allegations contained in Paragraph 13 of Plaintiffs' Third Amended Master Complaint.

14. through 15. The allegations in Paragraphs 14 through 15 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 14 through 15 of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

16. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 15 of the additional allegations set forth herein.

17. through 18. The allegations in Paragraphs 17 through 18 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraphs 17 through 18 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE—VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

19. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 18 of the additional allegations set forth herein.

20. The allegations in Paragraph 20 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraph 20 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH—NEGLIGENCE**

21. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 15 of the

additional allegations set forth herein.

22. through 23. The allegations in Paragraphs 22 through 23 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraphs 22 through 23 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483L AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH – STRICT LIABILITY**

24. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 15 and Paragraphs 21 through 23 of the additional allegations set forth herein.

25. through 29. The allegations in Paragraphs 25 through 29 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraphs 25 through 29 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN— NEGLIGENCE**

30. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1

through 271 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 15 of the additional allegations set forth herein.

31. The allegations in Paragraph 31 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 31 of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

32. through 41. The allegations in Paragraphs 32 through 41 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraphs 32 through 41 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENIS LAROCQUE—NEGLIGENCE**

42. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 and Paragraphs 411 through 429 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 15 of the additional allegations set forth herein.

43. through 47. The allegations in Paragraphs 43 through 47 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 43 through 47 of

Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

48. The allegations in Paragraph 48 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraph 48 of Plaintiffs' Third Amended Master Complaint.

49. through 51. The allegations in Paragraphs 49 through 51 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 49 through 51 of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENIS LAROCQUE— TITLE 9, CHAPTER, 1 SECTION 2**

52. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 and Paragraphs 411 through 429 of Plaintiffs' Third Amended Master Complaint and Paragraphs 42 through 51 of the additional allegations set forth herein.

53. The allegations in Paragraph 53 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele

respectfully declines to answer the allegations contained in Paragraph 53 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHALL— NEGLIGENCE**

54. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 and Paragraphs 434 through 440 of Plaintiffs' Third Amended Master Complaint and Paragraphs 1 through 15 of the additional allegations set forth herein.

55. through 57. The allegations in Paragraphs 55 through 57 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 55 through 63 of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

58. The allegations in Paragraph 58 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraph 58 of Plaintiffs' Third Amended Master Complaint.

59. The allegations in Paragraph 59 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 59 of Plaintiffs' Third Amended Master Complaint and

leaves Plaintiffs to their proof thereof.

60. The allegations in Paragraph 60 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraph 60 of Plaintiffs' Third Amended Master Complaint.

61. through 63. The allegations in Paragraphs 61 through 63 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraphs 61 through 63 of Plaintiffs' Third Amended Master Complaint and leaves Plaintiffs to their proof thereof.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHALL— TITLE 9, CHAPTER, 1 SECTION 2**

64. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 271 and Paragraphs 434 through 440 of Plaintiffs' Third Amended Master Complaint and Paragraphs 54 through 63 of the additional allegations set forth herein.

65. The allegations in Paragraph 65 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answer is required. If a response is required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele

respectfully declines to answer the allegations contained in Paragraph 65 of Plaintiffs' Third Amended Master Complaint.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFFS IN HENAULT, ET AL V. AMERICAN FOAM, ET AL, C.A. NO. 03-483 L ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC. ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC., d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

66. Defendant Daniel Biechele incorporates by reference his answers to all prior Paragraphs of the Third Amended Master Complaint and all prior Paragraphs of the additional allegations set forth herein.

67. through 71. The allegations in Paragraphs 67 through 71 of Plaintiffs' Third Amended Master Complaint are not directed to this Defendant and therefore no answers are required. If responses are required, Defendant Daniel Biechele has no choice but to invoke his privilege against self-incrimination pursuant to the Fifth Amendments to the United States Constitution and Article I, Section 13 of the Rhode Island Constitution. Based upon these privileges, Mr. Biechele respectfully declines to answer the allegations contained in Paragraphs 67 through 71 of Plaintiffs' Third Amended Master Complaint.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Plaintiffs' Third Amended Master Complaint.

James H. Reilly - #0658
KELLY, KELLEHER, REILLY & SIMPSON
Attorneys for Defendant Daniel Biechele
146 Westminster Street, Suite 500
Providence, RI 02903
(401) 272-1312
(401) 331-9397—FAX

Donald J. Maroney - #3737
KELLY, KELLEHER, REILLY & SIMPSON
Attorneys for Defendant Daniel Biechele
146 Westminster Street, Suite 500
Providence, RI 02903
(401) 272-1312
(401) 331-9397—FAX

***CERTIFICATION***

I hereby certify that a true copy of the within was sent by electronic mail to all counsel of record on the 14th day of March, 2006.

***CERTIFICATION***

Thomas C. Angelone, Esq.
angelonelaw@aol.com

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Robert T. Norton, Esq.
cdiedrich@sloanewalsh.com

C. Russell Bengtson, Esq.
rbengtson@cmklaw.com

Stefanie DiMaio-Larivee, Esq.
fonia@msn.com

Gregory L. Boyer, Esq.
Bboyerlaw1@aol.com

Mark P. Dolan, Esq.
Anthony R. Leone, Esq.
ricedolank@aol.com

Stephen E. Breggia, Esq.
Kevin F. Bowen, Esq.
sbreggia@bbglaw.us

Christopher C. Fallon, Jr., Esq.
cfallon@cozen.com

Joseph B. Burns, Esq.
jburns@rms-law.com

Stephen P. Fogerty, Esq.
fogerty@halloran-sage.com

Mark D. Cahill, Esq.
Eric Bradford Hermanson, Esq.
Kathleen C. Henry
mcahill@choate.com

Mark C. Hadden, Esq.
mhadden@mhaddenlaw.com

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
stationfire@blishcavlaw.com

Carl A. Henlein, Esq.
John R. Crocket III, Esq.
Susan A. Wettle, Esq.
chenlein@fbtlaw.com

Edward M. Crane, Esq.
Deborah G. Solmor, Esq.
ecrane@skadden.com

Daniel J. Horgan, Esq.
horganlaw@snet.net

Brian R. Cunha, Esq.
Karen A. Alegria, Esq.
brian@briancunha.com

Stephen A. Izzi, Esq.
stephen.izzi@hklaw.com

Michael R. De Luca, Esq.
mrd@gsm-law.com

Patrick T. Jones, Esq.
Peter Schneider, Esq.
pjones@cmj-law.com

Marc DeSisto, Esq.
Michael A. DeSisto, Esq.
Kathleen M. Daniels, Esq.
stationfire@desistolaw.com

Howard J. Julian
sohohomes@yahoo.com

Bruce P. Keller, Esq.
Jessica L. Margolis, Esq.
Michael R. Potenza, Esq.
bpkeller@debevoise.com

Howard A. Merten, Esq.
Benjamin V. White III, Esq.
hmerten.station@psh.com

Fred A. Kelly, Jr., Esq.
Steven M. Richard, Esq.
Ian C. Ridlon, Esq.
stationfirelitigation@nixonpeabody.com

Steven A. Minicucci, Esq.
William A. Filippo, Esq.
sminicucci@calvinolaw.com

Joseph Krowski, Esq.
josephkrowski.law@verizon.net

Ralph J. Monaco, Esq.
Patrick J. Day, Esq.
rmonaco.c-l@snet.net

Ronald P. Langlois, Esq.
Lauren D. Wilkins, Esq.
stationfire@smithbrink.com

James T. Murphy, Esq.
Thomas R. Bender, Esq.
Kelly N. Michels, Esq.
stationfire@hansoncurran.com

James R. Lee, Esq.
jlee@riag.ri.gov

John J. Nazzaro, Esq.
attynazzaro@aol.com

Thomas W. Lyons, Esq.
tlyons@straussfactor.com

Suzanne O'Donoghue, Esq.
sodonoghue@hcc-law.com

Richard W. MacAdams, Esq.
Denean M. Russo, Esq.
rmacadams@mandwlaw.com

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
mnugent@morrisonmahoney.com

John W. Mahoney, Esq.
johnmahoney@amlawllp.com

J. Renn Olenn, Esq.
kbh@olenn-penza.com

Eva Marie Mancuso, Esq.
emancuso@hwac.com

Mark K. Ostrowski, Esq.
mostrowski@goodwin.com

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
msmandell@msn.com

Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
sprignano@edwardsangell.com

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
tmcgough@reedsmith.com

Robert I. Reardon, Jr., Esq.
Tracy L. Poppe, Esq.
reardonlaw@aol.com

Edwin F. McPherson, Esq.
emcpherson@m-klaw.com

Charles N. Redihan, Jr., Esq.
credihan@kprlaw.com

Matthew F. Medeiros, Esq.
mfm@lmkbw.com

Ronald J. Resmini, Esq.
Ronald J. Creamer, Esq.
resminilaw@yahoo.com

Esquire Litigation Solutions LLC
stationfire@esquirecom.com

Mark T. Reynolds, Esq.
Anthony F. DeMarco, Esq.
tdemarco@conversent.net

James A. Ruggieri, Esq.
Gerald C. DeMaria, Esq.
jruggieri@hcc-law.com

Michael A. St. Pierre, Esq.
mikesp@rrplaw.com

Georgia A. Sullivan, Esq.
georgia.sullivan@thehartford.com

Mark D. Tourgee, Esq.
Timothy A. Williamson, Esq.
aminchillo@itwlaw.com

Andrew J. Trevelise, Esq.
atrevelise@reedsmith.com

Scott J. Tucker, Esq.
stucker@ths-law.com

T. Dos Urbanski, Esq.
Allen J. McCarthy, Esq.
Michael J. Mazurczak, Esq.
stationlitigation@melicklaw.com

Earl H. Walker, Esq.
Nancy W. Hamilton, Esq.
Charles L. Babcock, Esq.
ewalker@jw.com

Max H. Wistow, Esq.
mail@wistbar.com

George E. Wolf, III, Esq.
Ann M. Songer, Esq.
gwolf@shb.com

Lawrence J. Cappuccio, Esq.
l.cappuccio@worldnet.att.net