UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID MALAGRINO, Plaintiff, | : | |
| v. | : | C.A. No. 06-02-L (Jury Trial Demanded) |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**ANSWER OF JACK RUSSELL TOURING, INC. TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

**INTRODUCTION**

On January 5, 2006, Plaintiff David Malagrino filed a Pro Forma Complaint that adopted the First Amended Master Complaint in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"), plus the additional allegations and claims pled in Henault et. al., v. American Foam, et. al, C.A. No. 03-483-L (the "Henault Case"). On February 17, 2006, Plaintiff filed a Notice of Adoption stating his intention to adopt the Third Amended Master Complaint in the Gray Case, plus the additional allegations and claims pled in the Henault Case.

Pursuant to the Consent Order dated February 6, 2006 entered in the Gray case, Defendant Jack Russell Russell Touring, Inc. ("JRT") adopts and incorporates herein the following documents in their entirety: (1) its Answer to the Gray Plaintiffs' First Amended Master Complaint;[1] (2) its Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint;[2] and (3) its Answer to the Gray Plaintiffs' Third Amended Master

[1] *See* Docket Entry No. 270 in the Gray Case.

[2] *See* Docket Entry No. 204 in the Henault Case.

Complaint.[3] Specifically, JRT reasserts herein its responses to the allegations in the Gray and Henault Cases, all of its affirmative defenses and its jury trial demand.

Additionally, JRT responds to Plaintiff's allegations in the Pro Forma Complaint as follows:

**PARTIES**

**Plaintiff**

1. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**Defendants**

2. – 8. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 8 above.

10. - 11. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

3 *See* Docket Entry No. 728 in the Gray case.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE -- VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 11 above.

13. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- NEGLIGENCE**

14. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 13 above.

15. – 16. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- STRICT LIABILITY**

17. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 16 above.

18. – 22. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN -- NEGLIGENCE**

23. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 22 above.

24. – 34. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE -- NEGLIGENCE**

35. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 34 above.

36. – 44. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE -- TITLE 9, CHAPTER 1, SECTION 2**

45. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 44 above.

46. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- NEGLIGENCE**

47. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 - 46 above.

48. – 56. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- TITLE 9, CHAPTER 1, SECTION 2**

57. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 56 above.

58. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. JRT repeats and incorporates by reference herein its above-cited Answers filed in the Gray and Henault Cases and its responses to paragraphs 1 – 58 above.

60. – 64. JRT is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than JRT, or (ii) conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

JRT adopts and restates herein the nine Affirmative Defenses previously pled in its Answer to Gray Plaintiffs' First Amended Master Complaint and incorporated into its Answers to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint and the Gray Plaintiff's Third Amended Master Complaint.

WHEREFORE, Defendant, Jack Russell Touring, Inc., respectfully requests that:

A. All claims within the scope of Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint be dismissed with prejudice as to it;

B. Plaintiff's demands for relief against Defendant Jack Russell Touring, Inc. be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

JACK RUSSELL TOURING, INC.

By Its Attorneys,

Fred A. Kelly, Jr. (By SMR)

Steven M. Richard

Fred A. Kelly, Jr. (#4553)
Steven M. Richard (#4403)
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
StationFireLitigation@nixonpeabody.com

Edwin F. McPherson (Admitted *Pro Hac Vice)*
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233

Dated: April 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2006, I served a true copy of the within Answer of Jack Russell Touring, Inc. to Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint via e-mail to all counsel of record listed on attached service list.