UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID MALAGRINO, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-02-L |
| | : | (Jury Trial Demanded) |
| AMERICAN FOAM CORPORATION, et al., | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS MARK KENDALL, DAVID FILICE AND ERIC POWERS TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

**INTRODUCTION**

On January 5, 2006, Plaintiff David Malagrino filed a Pro Forma Complaint that adopted the First Amended Master Complaint in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"), plus the additional allegations and claims pled in Henault et. al., v. American Foam, et. al, C.A. No. 03-483-L (the "Henault Case"). On February 17, 2006, Plaintiff filed a Notice of Adoption stating his intention to adopt the Third Amended Master Complaint in the Gray Case, plus the additional allegations and claims pled in the Henault Case.

In response to Plaintiff's Pro Forma Complaint and Notice of Adoption, Defendants Mark Kendall, David Filice and Eric Powers (collectively, "These Defendants") adopt and incorporate herein the following documents in their entirety: (1) their Answer to the Gray Plaintiffs' Third Amended Master Complaint filed on May 1, 2006 and (2) their Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint.[1] Specifically,

[1] *See* Docket Entry No. 205 in the Henault Case.

These Defendants restate herein their responses to the allegations and claims in the Gray and Henault Cases, affirmative defenses and jury trial demand.

Additionally, These Defendants respond to Plaintiff's allegations in the Pro Forma Complaint as follows:

## PARTIES

### Plaintiff

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) statements concerning parties other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

### Defendants

2. – 4. These Defendants admit that Mark Kendall, David Filice and Eric Powers are residents of California and performed as musicians with Great White on February 20, 2003. These Defendants deny the remaining allegations in these paragraphs.

5. - 8. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFFS DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 8 above.

10. - 11. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE -- VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 11 above.

13. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH – NEGLIGENCE**

14. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 13 above.

15. - 16. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these

paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

## ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- STRICT LIABILITY

17. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 16 above.

18. - 22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

## ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN -- NEGLIGENCE

23. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 22 above.

24. - 34. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFFS DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE – NEGLIGENCE**

35. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 34 above.

36. - 44. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE –TITLE 9, CHAPTER 1, SECTION 2**

45. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 44 above.

46. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS,FIRE MARSHAL -- NEGLIGENCE**

47. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 - 46 above.

48. - 56. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- TITLE 9, CHAPTER 1, SECTION 2**

57. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 56 above.

58. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 58 above.

60. - 64. The allegations in these paragraphs pertain to parties other than These Defendants or contain conclusions of law to which no response is required. To the extent that the allegations of these paragraphs are directed against These Defendants and require a response, the allegations are denied.

**AFFIRMATIVE DEFENSES**

These Defendants adopt and restate herein the Affirmative Defenses pled in their Answer to the Gray Plaintiffs' Third Amended Master Complaint and their Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint.

WHEREFORE, Defendants Mark Kendall, David Filice and Eric Powers respectfully request that:

A. All claims within the scope of Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint be dismissed with prejudice as to each of them;

B. Plaintiff's demands for relief against Defendants Mark Kendall, David Filice and Eric Powers be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

MARK KENDALL, DAVID FILICE
AND ERIC POWERS

By Their Attorneys,

Fred A. Kelly, Jr. (By SMR)
Steven M. Richard

Fred A. Kelly, Jr. (#4553)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
StationFireLitigation@nixonpeabody.com

Edwin F. McPherson (Of Counsel)
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233 (Fax)

Dated: May 1, 2006

CERTIFICATION OF SERVICE

I hereby certify that on the 1st day of May, 2006, I served a true copy of the within Answer of Defendants Mark Kendall, David Filice and Eric Powers to Notice of Adoption of Third Amended Complaint via either e-mail to all counsel of record listed on the attached service list or regular U.S. Mail to the counsel of record listed below.

John D. Bambara, President
Sentinel Products Corporation
1550 Falmouth Road, Suite 25
Centerville, MA 02632

Joseph F. Krowski, Esq.
Law Offices of Joseph F. Krowski
30 Cottage Street
Brockton, MA 02301

Steven M. Richard

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATRINA KOLASA, f/k/a KATRINA BUCHKA, Plaintiff, | : | |
| v. | : | C.A. No. 05-70-L (Jury Trial Demanded) |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**ANSWER OF DEFENDANTS MARK KENDALL, DAVID FILICE AND ERIC POWERS TO NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

On February 17, 2006, Plaintiff filed a Notice of Adoption of Third Amended Master Complaint ("Notice of Adoption"), which states her intention to adopt the allegations and claims pled in the Third Amended Master Complaint filed in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"), plus the additional allegations and claims pled in the Notice of Adoption of First Amended Master Complaint dated December 13, 2004 filed in Estate of Jude B. Henault, et al. v. American Foam Corp., et al., C.A. No. 2003-483-L (the "Henault Case").

In response to Plaintiff's Notice of Adoption, Defendants Mark Kendall, David Filice and Eric Powers (collectively, "These Defendants") adopt and incorporate herein (1) their Answer to the Third Amended Master Complaint filed in the Gray Case on May 1, 2006, (2) their Answer to Plaintiff's Notice of Adoption of First Amended Master Complaint filed in the Henault Case[1] and (3) their Answer to Plaintiff's Pro Forma Complaint and Notice of Adoption of First Amended Master Complaint.[2] Specifically, These Defendants restate herein their responses to

[1] See Docket No. 205 in the Henault Case.

[2] See Docket No. 36 in this litigation.

the allegations and claims pled in the Gray and Henault Cases, affirmative defenses and jury trial demand.

MARK KENDALL, DAVID FILICE
AND ERIC POWERS

By Their Attorneys,

Fred A. Kelly, Jr. (By SMR)

Steven M. Richard

Fred A. Kelly, Jr. (#4553)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
StationFireLitigation@nixonpeabody.com

Edwin F. McPherson (Of Counsel)
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233 (Fax)

Dated: May 1, 2006

CERTIFICATION OF SERVICE

I hereby certify that on the 1st day of May, 2006, I served a true copy of the within Answer of Defendants Mark Kendall, David Filice and Eric Powers to Notice of Adoption of Third Amended Complaint via either e-mail to all counsel of record listed on the attached service list or regular U.S. Mail to the counsel of record listed below.

John D. Bambara, President
Sentinel Products Corporation
1550 Falmouth Road, Suite 25
Centerville, MA 02632

Joseph F. Krowski, Esq.
Law Offices of Joseph F. Krowski
30 Cottage Street
Brockton, MA 02301

Steven M. Richard

John R. Mahoney
johnmahoney@amlawllp.com

Joseph V. Cavanagh, Jr.
Kristen E. Rodgers
stationfire@blishcavlaw.com

Stephen E. Breggia
sbreggia@bbglaw.us

Brian R. Cunha
Karen A. Alegria
Brian@Briancunha.com

C. Russell Bengtson
RBengtson@ckmlaw.com

Mark D. Cahill
Eric Bradford Hermanson
mcahill@choate.com

Patrick T. Jones
Peter Schneider
pjones@cmj-law.com

James R. Lee
jlee@riag.state.ri.us

Joseph B. Burns
jburns@rms-law.com

Steven A. Minicucci
William A. Filippo
sminicucci@calvinolaw.com

Bruce P. Keller
Michael Potenza
Bkeller@debevoise.com

Ralph J. Monaco
rmonaco.c-l@snet.net

Christopher C. Fallon, Jr.
Joseph J. Bellew
cfallon@cozen.com

Marc DeSisto
Kathleen M. Daniels
stationfire@desistolaw.com

Stephen M. Prignano
Stephen J. MacGillivray
sprignano@edwardsangell.com

Michael R. DeLuca
MRD@gsm-law.com

Eva Marie Mancuso
emancuso@hwac.com

Thomas R. Bender
James T. Murphy
Kelly N. Michels
stationfire@hansoncurran.com

Edward T. Hinchey
James Scanlon
Robert T. Norton
rnorton@sloanewalsh.com
ehinchey@sloanewalsh.com

Thomas C. Angelone
angelonelaw@aol.com

John R. Crockett, III
Carl H. Henlein
Susan S. Wettle
swettle@fbtlaw.com

Michael A. St. Pierre
mikesp@rrsplaw.com

Stephanie DiMaio Larivee
James Howe
singinglawyer@msn.com

Mark T. Nugent
Paul Sullivan
mnugent@morrisonmahoney.com

Mark C. Hadden
MHadden@mhaddenlaw.com

James A. Ruggieri
Gerald C. DeMaria
Suzanne O'Donoghue
jruggieri@hcc-law.com

Daniel J. Horgan
horganlaw@snet.net

Mark D. Tourgee
Timothy A. Williamson
aminchillo@itwlaw.com

John J. Nazzaro
attynazzaro@aol.com

Charles N. Redihan
credihan@kprlaw.com

Matthew F. Medeiros
mfm@lmkbw.com

Mark S. Mandell
Yvette M. Boisclair
msmandell@msn.com

W. Thomas McGough, Jr.
James J. Restivo, Jr.
tmcgough@reedsmith.com

Anthony F. DeMarco
Mark Reynolds
tdemarco@conversent.net

Earl H. Walker
Charles L. Babcock
Nancy W. Hamilton.
CBabcock@jw.com

James H. Reilly, III
Donald J. Maroney
dmaroney@kkrs.com

Richard W. MacAdams
Rmacadams@mandwlaw.com

George E. Wolf, III
Ann M. Songer
GWolf@shb.com

Andrew J. Trevelise
atrevelise@reedsmith.com

Mark P. Dolan
Anthony R. Leone
Ricedolank@aol.com

Ronald P. Langlois
Lauren DiSimone Wilkins
Stationfire@smithbrink.com

Edward M. Crane
Kimberly A. Simpson
Deborah G. Solmor
ecrane@skadden.com

Thomas W. Lyons, III
tlyons@straussfactor.com

Howard A. Merten
Hmerten.station@psh.com

Max H. Wistow
John P. Barylick
jdean@wistbar.com

Howard J. Julian
sohohomes@yahoo.com

J. Renn Olenn
KBH@olenn-penza.com

Robert I. Reardon, Jr.
Tracy L. Poppe
Reardonlaw@aol.com

Scott J. Tucker
STucker@ths-law.com

Allen J. McCarthy
Michael J. Mazurczak
amccarthy@melicklaw.com

T. Dos Urbanski
StationLitigation@melicklaw.com

Stephen Fogerty
fogerty@halloran-sage.com

Lawrence J. Cappuccio
l.cappuccio@worldnet.att.net

Esquire
stationfire@esquirecom.com

James A. Bigos
jim@b-plaw.com

Russell Bramley, Esq.
Bramley@hbhlaw.net

Craig A. Johns, Esq.
johnsc@nationwide.com

Stephen T. Armato, Esq.
StationLitigation@cetcap.com

William E. O'Gara, Esq.
Wogara@pld-law.com

S. Michael Levin, Esq.
mlevin@wszlaw.com

Michael J. McCormack, Esq.
mmccormack@mccormackfirm.com

Joseph H. Aronson, Esq.
jaronson@mccormackfirm.com

David T. Mitrou, Esq.
dmitrou@mccormackfirm.com

Bennett R. Gallo, Esq.
brg@ndgrb.com

John J. Flanagan, Esq.
jflanagan@torti.com

Bruce G. Tucker, Esq.
btucker@legalmgt.com

Mark R. Ter Molen, Esq.
mtermolen@mayerbrownrowe.com

David A. Wollin, Esq.
William F. Burke, Esq.
DWollin@apslaw.com

Henry M. Swan, Esq.
hms@dksblaw.com

David E. Maglio, Esq.
dmaglio@magliolaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID MALAGRINO, Plaintiff, | : | |
| v. | : | C.A. No. 06-02-L (Jury Trial Demanded) |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**ANSWER OF DEFENDANTS MARK KENDALL, DAVID FILICE AND ERIC POWERS TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

**INTRODUCTION**

On January 5, 2006, Plaintiff David Malagrino filed a Pro Forma Complaint that adopted the First Amended Master Complaint in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"), plus the additional allegations and claims pled in Henault et. al., v. American Foam, et. al, C.A. No. 03-483-L (the "Henault Case"). On February 17, 2006, Plaintiff filed a Notice of Adoption stating his intention to adopt the Third Amended Master Complaint in the Gray Case, plus the additional allegations and claims pled in the Henault Case.

In response to Plaintiff's Pro Forma Complaint and Notice of Adoption, Defendants Mark Kendall, David Filice and Eric Powers (collectively, "These Defendants") adopt and incorporate herein the following documents in their entirety: (1) their Answer to the Gray Plaintiffs' Third Amended Master Complaint filed on May 1, 2006 and (2) their Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint.[1] Specifically,

1 *See* Docket Entry No. 205 in the Henault Case.

These Defendants restate herein their responses to the allegations and claims in the Gray and Henault Cases, affirmative defenses and jury trial demand.

Additionally, These Defendants respond to Plaintiff's allegations in the Pro Forma Complaint as follows:

## PARTIES

### Plaintiff

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) statements concerning parties other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

### Defendants

2. – 4. These Defendants admit that Mark Kendall, David Filice and Eric Powers are residents of California and performed as musicians with Great White on February 20, 2003. These Defendants deny the remaining allegations in these paragraphs.

5. - 8. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFFS DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 8 above.

10. - 11. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE -- VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 11 above.

13. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- NEGLIGENCE**

14. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 13 above.

15. - 16. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these

paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- STRICT LIABILITY**

17. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 16 above.

18. - 22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN – NEGLIGENCE**

23. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 22 above.

24. - 34. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFFS DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE -- NEGLIGENCE**

35. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 34 above.

36. - 44. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE --TITLE 9, CHAPTER 1, SECTION 2**

45. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 44 above.

46. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS,FIRE MARSHAL -- NEGLIGENCE**

47. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 - 46 above.

48. - 56. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- TITLE 9, CHAPTER 1, SECTION 2**

57. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 56 above.

58. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 58 above.

60. - 64. The allegations in these paragraphs pertain to parties other than These Defendants or contain conclusions of law to which no response is required. To the extent that the allegations of these paragraphs are directed against These Defendants and require a response, the allegations are denied.

**AFFIRMATIVE DEFENSES**

These Defendants adopt and restate herein the Affirmative Defenses pled in their Answer to the Gray Plaintiffs' Third Amended Master Complaint and their Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint.

WHEREFORE, Defendants Mark Kendall, David Filice and Eric Powers respectfully request that:

A. All claims within the scope of Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint be dismissed with prejudice as to each of them;

B. Plaintiff's demands for relief against Defendants Mark Kendall, David Filice and Eric Powers be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

MARK KENDALL, DAVID FILICE
AND ERIC POWERS

By Their Attorneys,

Fred A. Kelly, Jr. (By SMR)

Steven M. Richard

Fred A. Kelly, Jr. (#4553)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
StationFireLitigation@nixonpeabody.com

Edwin F. McPherson (Of Counsel)
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233 (Fax)

Dated: May 1, 2006

CERTIFICATION OF SERVICE

I hereby certify that on the 1st day of May, 2006, I served a true copy of the within Answer of Defendants Mark Kendall, David Filice and Eric Powers to Notice of Adoption of Third Amended Complaint via either e-mail to all counsel of record listed on the attached service list or regular U.S. Mail to the counsel of record listed below.

John D. Bambara, President
Sentinel Products Corporation
1550 Falmouth Road, Suite 25
Centerville, MA 02632

Joseph F. Krowski, Esq.
Law Offices of Joseph F. Krowski
30 Cottage Street
Brockton, MA 02301

Steven M. Richard

John R. Mahoney
johnmahoney@amlawllp.com

Joseph V. Cavanagh, Jr.
Kristen E. Rodgers
stationfire@blishcavlaw.com

Stephen E. Breggia
sbreggia@bbglaw.us

Brian R. Cunha
Karen A. Alegria
Brian@Briancunha.com

C. Russell Bengtson
RBengtson@ckmlaw.com

Mark D. Cahill
Eric Bradford Hermanson
mcahill@choate.com

Patrick T. Jones
Peter Schneider
pjones@cmj-law.com

James R. Lee
jlee@riag.state.ri.us

Joseph B. Burns
jburns@rms-law.com

Steven A. Minicucci
William A. Filippo
sminicucci@calvinolaw.com

Bruce P. Keller
Michael Potenza
Bkeller@debevoise.com

Ralph J. Monaco
rmonaco.c-l@snet.net

Christopher C. Fallon, Jr.
Joseph J. Bellew
cfallon@cozen.com

Marc DeSisto
Kathleen M. Daniels
stationfire@desistolaw.com

Stephen M. Prignano
Stephen J. MacGillivray
sprignano@edwardsangell.com

Michael R. DeLuca
MRD@gsm-law.com

Eva Marie Mancuso
emancuso@hwac.com

Thomas R. Bender
James T. Murphy
Kelly N. Michels
stationfire@hansoncurran.com

Edward T. Hinchey
James Scanlon
Robert T. Norton
rnorton@sloanewalsh.com
ehinchey@sloanewalsh.com

Thomas C. Angelone
angelonelaw@aol.com

John R. Crockett, III
Carl H. Henlein
Susan S. Wettle
swettle@fbtlaw.com

Michael A. St. Pierre
mikesp@rrsplaw.com

Stephanie DiMaio Larivee
James Howe
singinglawyer@msn.com

Mark T. Nugent
Paul Sullivan
mnugent@morrisonmahoney.com

Mark C. Hadden
MHadden@mhaddenlaw.com

James A. Ruggieri
Gerald C. DeMaria
Suzanne O'Donoghue
jruggieri@hcc-law.com

Daniel J. Horgan
horganlaw@snet.net

Mark D. Tourgee
Timothy A. Williamson
aminchillo@itwlaw.com

John J. Nazzaro
attynazzaro@aol.com

Charles N. Redihan
credihan@kprlaw.com

Matthew F. Medeiros
mfm@lmkbw.com

Mark S. Mandell
Yvette M. Boisclair
msmandell@msn.com

W. Thomas McGough, Jr.
James J. Restivo, Jr.
tmcgough@reedsmith.com

Anthony F. DeMarco
Mark Reynolds
tdemarco@conversent.net

Earl H. Walker
Charles L. Babcock
Nancy W. Hamilton.
CBabcock@jw.com

James H. Reilly, III
Donald J. Maroney
dmaroney@kkrs.com

Richard W. MacAdams
Rmacadams@mandwlaw.com

George E. Wolf, III
Ann M. Songer
GWolf@shb.com

Andrew J. Trevelise
atrevelise@reedsmith.com

Mark P. Dolan
Anthony R. Leone
Ricedolank@aol.com

Ronald P. Langlois
Lauren DiSimone Wilkins
Stationfire@smithbrink.com

Edward M. Crane
Kimberly A. Simpson
Deborah G. Solmor
ecrane@skadden.com

Thomas W. Lyons, III
tlyons@straussfactor.com

Howard A. Merten
Hmerten.station@psh.com

Max H. Wistow
John P. Barylick
jdean@wistbar.com

Howard J. Julian
sohohomes@yahoo.com

J. Renn Olenn
KBH@olenn-penza.com

Robert I. Reardon, Jr.
Tracy L. Poppe
Reardonlaw@aol.com

Scott J. Tucker
STucker@ths-law.com

Allen J. McCarthy
Michael J. Mazurczak
amccarthy@melicklaw.com

T. Dos Urbanski
StationLitigation@melicklaw.com

Stephen Fogerty
fogerty@halloran-sage.com

Lawrence J. Cappuccio
l.cappuccio@worldnet.att.net

Esquire
stationfire@esquirecom.com

James A. Bigos
jim@b-plaw.com

Russell Bramley, Esq.
Bramley@hbhlaw.net

Craig A. Johns, Esq.
johnsc@nationwide.com

Stephen T. Armato, Esq.
StationLitigation@cetcap.com

William E. O'Gara, Esq.
Wogara@pld-law.com

S. Michael Levin, Esq.
mlevin@wszlaw.com

Michael J. McCormack, Esq.
mmccormack@mccormackfirm.com

Joseph H. Aronson, Esq.
jaronson@mccormackfirm.com

David T. Mitrou, Esq.
dmitrou@mccormackfirm.com

Bennett R. Gallo, Esq.
brg@ndgrb.com

John J. Flanagan, Esq.
jflanagan@torti.com

Bruce G. Tucker, Esq.
btucker@legalmgt.com

Mark R. Ter Molen, Esq.
mtermolen@mayerbrownrowe.com

David A. Wollin, Esq.
William F. Burke, Esq.
DWollin@apslaw.com

Henry M. Swan, Esq.
hms@dksblaw.com

David E. Maglio, Esq.
dmaglio@magliolaw.com