**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID MALAGRINO,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | **CIVIL ACTION NO.: 06-002-L** |
| | : | |
| **AMERICAN FOAM CORPORATION et al.,** | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANTS GENERAL FOAM CORPORATION, GFC FOAM, LLC, PMC, INC., AND PMC GLOBAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DAVID MALAGRINO'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF FIRST AMENDED MASTER COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

Defendants General Foam Corporation, GFC Foam, LLC, PMC, Inc. and PMC Global, Inc.[1] for their Answer and Affirmative Defenses incorporate by reference, as if fully rewritten herein, their Answer and Affirmative Defenses in response to Plaintiffs' Third Amended Master Complaint with the additional parties and causes of action in *Gray, et al. v. Jefferey Derderian, et al.* (C.A. No. 1:04-CV-312-L) as their Answer to Plaintiff's Notice of Adoption of Third Amended Master Complaint in this case.[2] Further, GFC and PMC incorporate by reference, as if fully rewritten herein, their Answer and Affirmative Defenses in response to the First Amended Master Complaint filed on May 2, 2005, in *Gray, et al. v. Jefferey Derderian, et al.* (C.A. No. 1:04-CV-312-L) as their Answer to Plaintiff's Notice of Adoption of First Amended Master Complaint. Lastly,

[1] Defendants General Foam Corporation and GFC Foam LLC are referred to collectively as "GFC"; PMC Inc. and PMC Global, Inc. appear collectively as "PMC."
[2] Plaintiffs have adopted the First Amended Master Complaint and the Third Amended Master Complaint in *Gray, et al. v. Derderian, et al.* and the Notice of Adoption of First Amended Master Complaint in *Henault, et al. v. American Foam Corporation, et al.* and/or have filed a proforma complaint in these proceedings.

GFC and PMC adopt by reference as if fully rewritten herein, GFC and PMC's Answer and Affirmative defenses to Plaintiff's Notice of Adoption of First Amended Master Complaint in *Henault, et al. v. American Foam Corporation, et al.* (C.A. No. 03-483-L), which are as follows:

1. GFC and PMC state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in P aragraph 1 of the *Malagrino* Adoption of the *Henault* Master Complaint and therefore, GFC and PMC cannot admit or deny these allegations.

2. Paragraphs 2 through 7 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and therefore no response is required by these defendants. To the extent that Paragraphs 2 through 7 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations.

3. In response to Paragraph 8 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the allegation is a legal conclusion to which no response is required.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

4. In response to Paragraph 9 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 3 of their Answer.

5. Paragraphs 10 and 11 of the the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and therefore no response is required by these defendants. To the extent that Paragraphs 10 and 11 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE – VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

6. In response to Paragraph 12 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 5 of their Answer.

7. In response to Paragraph 13 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the allegation is a legal conclusion to which no response is required.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**NEGLIGENCE**

8. In response to Paragraph 14 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 7 of their Answer.

9. Paragraphs 15 and 16 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and therefore no response is required by these defendants. To the extent that Paragraphs 15 and 16 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 15 and 16 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, GFC and PMC specifically deny these allegations.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**STRICT LIABILITY**

10. In response to Paragraph 17 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 9 of their Answer.

11. Paragraphs 18 through 22 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and

therefore no response is required by these defendants. To the extent that Paragraphs 18 through 22 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 18 through 22 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, GFC and PMC specifically deny these allegations.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN**

**NEGLIGENCE**

12. In response to Paragraph 23 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 11 of their Answer.

13. Paragraphs 24 through 34 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and therefore no response is required by these defendants. To the extent that Paragraphs 24 through 34 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**NEGLIGENCE**

14. In response to Paragraph 35 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 13 of their Answer.

15. Paragraphs 36 through 41 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and therefore no response is required by these defendants. To the extent that Paragraphs 36 through 41 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants. To the extent that any of the allegations in Paragraphs 36 through 41 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, GFC and PMC specifically deny these allegations.

16. In response to Paragraph 42 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the Paragraph is informational to which no response is required.

17. In response to Paragraph 43 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the allegation is a legal conclusion to which no response is required.

18. In response to Paragraph 44 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the Paragraph is informational to which no response is required.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE--TITLE 9, CHAPTER 1, SECTION 2**

19. In response to Paragraph 45 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference, the responses in the Introduction and in Paragraphs 1 through 18 of their Answer.

20. In response to Paragraph 46 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the allegation is a legal conclusion to which no response is required.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL**

**NEGLIGENCE**

21. In response to Paragraph 47 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference, the responses in the Introduction and in Paragraphs 1 through 20 of their Answer.

22. Paragraphs 48 through 53 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and

therefore no response is required by these defendants. To the extent that Paragraphs 48 through 53 are deemed to contain factual allegations to which response is required by these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants. To the extent that any of the allegations in Paragraphs 48 through 53 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, GFC and PMC specifically deny these allegations.

23. In response to Paragraph 54 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the Paragraph is informational to which no response is required.

24. In response to Paragraph 55 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the allegation is a legal conclusion to which no response is required.

25. In response to Paragraph 56 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the Paragraph is informational to which no response is required.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHALL--TITLE 9, CHAPTER 1, SECTION 2**

26. In response to Paragraph 57 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 25 of their Answer.

27. In response to Paragraph 58 of the the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC state that the allegation is a legal conclusion to which no response is required.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF DAVID MALAGRINO IN THE ADOPTION OF *HENAULT*, ET AL. V. AMERICAN FOAM, ET AL. C.A. NO. 03-483L ALLEGINGJOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAELDERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT,INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES,LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

28. In response to Paragraph 59 of the *Malagrino* Adoption of the *Henault* Master Complaint, GFC and PMC incorporate by reference the responses in the Introduction and in Paragraphs 1 through 27 of their Answer.

29. Paragraphs 60 through 64 of the *Malagrino* Adoption of the *Henault* Master Complaint contain allegations that do not directly pertain to GFC and PMC and therefore no response is required by these defendants. To the extent that Paragraphs 60 through 64 are deemed to contain factual allegations to which response is required by

these defendants, GFC and PMC have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 60 through 64 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, GFC and PMC specifically deny these allegations.

**WHEREFORE,** Defendants General Foam Corporation, GFC Foam, LLC, PMC, Inc. and PMC Global, Inc. pray that:

(a) All claims asserted by or on behalf of the plaintiff be dismissed with prejudice as to General Foam Corporation, GFC Foam, LLC, PMC, Inc. and PMC Global, Inc.;

(b) Plaintiff's demand for relief against General Foam Corporation, GFC Foam, LLC, PMC, Inc. and PMC Global, Inc. be denied in every respect;

(c) General Foam Corporation, GFC Foam, LLC, PMC, Inc. and PMC Global, Inc. be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) The Court grant such other and further relief as may be just, proper, and equitable.

Respectfully submitted,

HIGGINS, CAVANAGH & COONEY

Gerald D. DeMaria #0637
James A. Ruggieri #2828
123 Dyer Street
Providence, RI 02903
Tel: (401) 272-3500
Fax: (401) 273-8780

Of Counsel:

Carl A. Henlein, Esq.
John R. Crockett, III, Esq.
Susan S. Wettle, Esq.
FROST BROWN TODD
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363

**CERTIFICATION OF SERVICE**

I hereby certify that I caused to be served a copy of the within document in pdf format by electronic mail on the 15th day of May, 2006, to the following counsel of record:

John R. Mahoney, Esq.
johnmahoney@amlawllp.com

Joseph V. Cavanagh, Jr., Esq.
Kristen E. Rodgers, Esq.
Stationfire@blishcavlaw.com

Stephen E. Breggia, Esq.
sbreggia@bbglaw.us

Brian R. Cunha, Esq.
Karen A. Alegria, Esq.
Brian@Briancunha.com

C. Russell Bengtson, Esq.
Rbengtson@ackmlaw.com

Marc DeSisto, Esq.
Kathleen D. Daniels, Esq.
Stationfire@DeSistolaw.com

Patrick T. Jones, Esq.
Peter Schneider, Esq.
Pjones@cmj-law.com

Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
sprignano@edwardsangell.com

Michael R. DeLuca, Esq.
MRD@gsm-law.com

Mark C. Hadden, Esq.
Mhadden@mhaddenlaw.com

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
mnugent@morrisonmahoney.com

John J. Nazzaro, Esq.
attynazzaro@aol.com

James H. Reilly, III, Esq.
Donald J. Maroney, Esq.
dmaroney@kkrs.com

Matthew F. Medeiros, Esq.
mfm@lmkbw.com

Mark S. Mandell, Esq.

James R. Lee, Esq.
jlee@riag.ri.gov

Ronald J. Resmini, Esq.
Ronald J. Creamer,. Esq.
Resminilaw@yahoo.com

Joseph B. Burns, Esq.
jburns@rms-law.com

Steven A. Minicucci, Esq.
William A. Filippo, Esq.
sminicucci@calvinolaw.com

Christopher C. Fallon, Jr., Esq.
Cfallon@Cozen.com

Michael Potenza, Esq.
Bruce P. Keller, Esq.
Jessica L. Margolis, Esq.
mpotenza@debevoise.com
bkeller@debevoise.com

Stephanie DiMaio Larivee, Esq.
James Howe, Esq.
fonia@msn.com

Michael A. St. Pierre, Esq.
mikesp@rrsplaw.com

Eva Marie Mancuso, Esq.
emancuso@hwac.com

Thomas C. Angelone, Esq.
angelonelaw@aol.com

Mark D. Cahill, Esq.
Eric Bradford Hermanson, Esq.
mcahill@choate.com
ehermanson@choate.com

Daniel J. Horgan, Esq.
horganlaw@snet.com

Mark D. Tourgee, Esq.
Timothy A. Williamson, Esq.
aminchillo@itwlaw.com

Charles N. Redihan, Esq.
Credihan@kprlaw.com

Mark P. Dolan, Esq.

Yvette M. Boisclair, Esq.
msmandell@msn.com

George E. Wolf, III, Esq.
Gwolf@shb.com

Andrew J. Trevelise, Esq.
atrevelise@reedsmith.com

Edward M. Crane, Esq.
Deborah G. Solmor, Esq.
ecrane@skadden.com

Ronald P. Langlois, Esq.
Lauren DiSimone Wilkins, Esq.
Stationfire@smithbrink.com

Howard A. Merten, Esq.
Hmerton.station@psh.com

Step hen Fogerty, Esq.
Fogerty@Halloran-Sage.com

Scott J. Tucker, Esq.
Stucker@ths-law.com

Steve M. Richard, Esq.
StationFireLitigation@nixonpeabody.com

Max H. Wistow, Esq.
John P. Barylick, Esq.
Jessica Deanseris
jdean@wistbar.com

Thomas R. Bender, Esq.
James T. Murphy, Esq.
Kelly N. Michels, Esq.
Stationfire@hansoncurran.com

Ralph J. Monaco, Esq.
Rmonaco.c-l@snet.net

T. Dos Urbanski, Esq.
durbanski@melicklaw.com

Lawrence J. Cappuccio, Esq.
L.Cappuccio@Worldnet.att.net

Russell Bramley, Esq.
Bramley@hbhlaw.com

David A. Wollin, Esq.
William F. Burke, Esq.
Dwollin@apslaw.com

Anthony R. Leone, Esq.
Ricedolank@aol.com

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
tmcgough@reedsmith.com

Richard W. MacAdams, Esq.
Rmacadams@mandwlaw.com

Earl H. Walker, Esq.
Charles L. Babcock, Esq.
Nancy W. Hamilton, Esq.
Cbabcock@jw.com

Anthony F. DeMarco, Esq.
Mark Reynolds, Esq.
tdemarco@conversent.net

Thomas W. Lyons, III, Esq.
tlyons@straussfactor.com

Robert I. Reardon, Jr., Esq.
Robert T. Rimmer, Esq.
Reardonlaw@aol.com

J. Renn Olenn, Esq.
kbh@olenn-penza.com

Howard J. Julian
sohohomes@yahoo.com

John R. Crockett, II, Esq.
Carl H. Henlein, Esq.
Susan S. Wettle, Esq.
swettle@fbtlaw.com
jcrockett@fbtlaw.com

Edward T. Hinchey, Esq.
Ehinchey@sloanewalsh.com
Robert T. Norton, Esq.
rnorton@sloanewalsh.com

Esquire Litigation Services
Stationfire@esquire.com

James A. Bigos, Esq.
Jim@B-PLaw.com

Allen J. McCarthy, Esq.
Michael J. Mazurczak
amccarthy@melicklaw.com

Mark R. Ter Molen, Esq.
mtermolen@mayerbrownrowe.com

Dennis J. Roberts II
Droberts@djrlaw.com

Stephen Armato
Christopher A.D. Hunt
Lawrence Cetrulo
sarmato@cetcap.com

William E. O'Gara
wogara@pld-law.com

David E. Maglio
dmaglio@magliolaw.com

Edwin F. McPherson
emcpherson@m-klaw.com

Bruce Gregory Tucker
btucker@legalmgmt.com

Joseph H. Aronson
jaronson@mccormackfirm.com

John J. Cloherty, III
jcloherty@piercedavis.com

David T. Mitrou, Esq.
Dmitrou@mccormackfirm.com

John D. Bambara
jbambara@sentinelproducts.net

Randall L. Souza
Fred A. Kelly, Jr.
fkelly@nixonpeabody.com

Mark E. Parsky
Mep@mcveyparsky-law.com

Henry Swan
Hms@dksblaw.com

Craig A. Johns
Johnsc@nationwide.com

John J. Flanagan
Jflanagan@torti.com

S. Michael Levin
mlevin@wszlaw.com

Bennett Gallo
brg@ndgrb.com

Michael J. McCormack, Esq.
Mmccormack@mccormackfirm.com

Edward Manganiello
edward.manganiello@mendes.com